# ARTHUR G. STRASSHEIM v. JOHN McGUIRE.

(164 N. W. 26.)

**Promissory note — giving of — final settlement — not conclusive of — services performed — payee indebted for — offset — evidence.**
    1. The giving of a note is not, in itself, conclusive evidence of a final settlement between the parties; and evidence is admissible to prove that at the time of its execution and delivery the payee was indebted to the maker for services performed, and such indebtedness may be pleaded as an offset.

**Counterclaim — evidence — ample to support.**
    2. The record examined and *held* to contain substantial evidence in support of the counterclaim of the defendant.

Opinion filed July 13, 1917.

Action to recover on a promissory note. Counterclaim for services rendered.

37 N. D.—19.

Appeal from the County Court of Ward County, Honorable *Wm. Murray,* Judge.

Judgment for defendant. Plaintiff appeals.

Affirmed.

Statement of facts by BRUCE, Ch. J.

This is an action to recover on a promissory note for $126, executed by the defendant, McGuire, on September 27, 1909, to Strassheim & Company, composed of Arthur G. Strassheim and Arthur L. Schoeninger, and alleged to have been assigned to the plaintiff.

The defendant admits the execution of the note, but alleges:

"That heretofore, to wit: during the year 1909, and in the months of May, June, July, August, and September, he was employed by Strassheim & Company, mentioned in plaintiff's complaint, as solicitor for the brokerage of insurance and collection of rents. That he was so employed on the following terms: He, the defendant, to receive fifteen dollars ($15) from the plaintiff herein, and ten dollars ($10) from the plaintiff's associate, each and every week from and after May 1, 1909; and during his employment. That in consideration thereof he was to devote his entire time and attention to the soliciting of insurance and the collection of rents; that he was to receive a percentage on all insurance written and rents collected, from which percentage was to be deducted the amount of twenty-five ($25) dollars, per week paid to him as salary, but that in all events under the terms of said contract he was to receive twenty-five ($25) dollars per week, whether such amount was earned in commissions or not.

"That he worked under said contract for a period of twenty-two weeks, and that there was paid him by the plaintiff the sum of one hundred twenty-six and no /100 ($126) dollars, and by the plaintiff's associate the sum of two hundred twenty and no /100 ($220) dollars, which the latter sum was in full at the rate of ten dollars ($10) per week.

"That on or about September 27, 1909, the defendant quit said employment; and as there was pending various and divers rental and insurance contracts on which he would have been entitled to commissions and which commissions would amount to much more than his

regular salary, and this plaintiff requested that the defendant give him a note for the purpose of keeping their accounts straight so that the amount actually advanced could be charged up against the commissions on the books of the plaintiff; and for the further reason that the plaintiff was dissolving with his brother, who was known as the company in the copartnership of Strassheim & Company by whom the employment was made. That since such time the plaintiff and the copartnership known as Strassheim & Company have never accounted to the defendant for the amounts due him by way of salary and commissions, and that there is still due and owing to the defendant from the plaintiff and the copartnership of Strassheim & Company the sum of two hundred four and no/100 ($204) dollars no part of which said sum has been paid which said sum of two hundred four and no/100 ($204) dollars is due on commissions and for salary at the rate of fifteen dollars ($15) per week, which the plaintiff and copartnership of Strassheim & Company agreed to pay to the defendant."

The case was tried to the court without a jury, and the trial court found "that the defendant was employed by the plaintiff and Henry E. Strassheim, a copartnership known as Strassheim & Company, as their representative and solicitor, with a guaranty of ten ($10) dollars per week for his services, and commissions on all business that he did, which commissions were to be applied, first, towards the payment of the ten dollars ($10) of guaranty, and all additional and further earnings by way of commissions were to be paid to the defendant as extras; that this defendant did, pursuant to such agreement, work for the plaintiffs for a period of twenty-two weeks; that the defendant did give to the plaintiff the note mentioned in plaintiff's complaint, but that same was given solely as a memorandum for the purpose of bookkeeping to show the amount drawn by him under the guaranteed salary, and to keep a record of same as an offset against commissions which he might earn; that there is nothing due or owing to the plaintiff from the defendant by reason of the premises." He therefore entered judgment dismissing the action, and from this judgment the appeal is taken.

*Halvor L. Halvorson,* for appellant.
*Palda & Aaker* and *Mark Oseth,* for respondent.

BRUCE, Ch. J. (after stating the facts as above). The plaintiff contends that the facts referred to in the findings took place prior to the giving of the note, and that, if such facts did occur, the settlement by note constituted a final settlement between the parties. He also contends that the note imports a consideration, and that the testimony of the defendant in support of his defense tends to vary its terms.

There is, of course, no merit in the contention that the note imports a consideration, and that the evidence of the defendant tends to vary its terms. The evidence tends to show that, if there was any assignment, the assignee was cognizant of the conditions surrounding the note, and the presumption of consideration goes no further than to establish a prima facie case. When one seeks to prove a parol agreement that services may be offset against a note, and that a note was merely given as a memorandum, he is not varying its terms. There is no pretense in the case at bar that the note did not represent moneys advanced to the defendant. The contention is merely that it was taken as a memorandum, and that the plaintiff was owing to the defendant moneys which could be offset against the note when the settlement came to be made, or if the payment of the note was sought to be enforced. The question is merely whether the note was given in final settlement.

Although, too, we agree with counsel for appellant that the evidence is extremely unsatisfactory as to the guaranty of $10 a week for services, and whether the note was given in complete settlement of the transaction between the defendant and Strassheim & Company and the defendant and Henry E. Strassheim, and on the contention of the defendant that the two $25 and the $10 payments made by him were intended to apply on a personal indebtedness to Henry E. Strassheim, and that the letters written by him were in relation to this personal indebtedness and not to his account with the firm, we still cannot hold that there is not substantial evidence in the record in the support of the findings of the trial judge. Such being the case, and the trial judge having had the opportunity of seeing the witness face to face, we do not feel justified in interfering with his findings and judgment.

The judgment of the County Court is affirmed.